IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE PAUL WHEATON,

    Plaintiff,                    No. CIV S-04-1503 DFL DAD P

   vs.

C. KING, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $0.78 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account. These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9  U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17       A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22 complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 /////

Here, plaintiff contends that he was placed in the administrative segregation unit (ASU) on December 1, 2003 based upon false information. Plaintiff claims that his due process rights were violated because: (1) a disciplinary investigation was not conducted prior to his ASU placement; (2) he did not receive a hearing within 24 hours of his placement; (3) he was not allowed to present witnesses at a disciplinary hearing; and (4) an investigator was not assigned to him for purposes of presenting evidence on his behalf. Plaintiff also claims that defendants conspired to fabricate the false information that resulted in his ASU placement and to poison or contaminate plaintiff's food[1]. Lastly, plaintiff claims that the ASU placement was retaliation for Black inmates assaulting staff.

The court will dismiss the complaint and grant plaintiff leave to file an amended complaint as to his conspiracy and retaliation claims. To support a claim of retaliation under section 1983, a prisoner must allege that (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner must also establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977). Bare allegations are insufficient to avoid summary dismissal of a retaliation claim. See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In order to prevail on a conspiracy claim under § 1983, plaintiff must allege and ultimately prove some deprivation of a constitutional right which resulted from the alleged conspiracy. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).

---

[1] Plaintiff is cautioned to proceed with only those claims that have been exhausted through the inmate grievance process. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

1  "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design
2  and understanding, or a meeting of minds in an unlawful arrangement.'" William Inglis & Sons
3  Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting
4  American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)).  Thus, plaintiff must
5  allege and ultimately show that there was an agreement by the defendants to violate his
6  constitutional rights.  See Woodrum, 866 at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.
7  1983).  Vague and conclusory allegations of a conspiracy with no supporting factual averments
8  or evidence will not withstand an adequately supported motion for summary judgment.
9  Woodrum, 866 F.2d at 1126; Fonda, 707 F.2d at 438.
10         Plaintiff is also advised that his due process claim concerning his December 1,
11  2003 placement in the ASU is not cognizable.  Due process requires that prison officials hold an
12  informal, nonadversary hearing within a reasonable time after the prisoner is segregated.
13  Toussaint v. McCarthy, 801 F.2d 1080, 1100  (9th Cir. 1987).  The prisoner must be informed of
14  the charges against him and prison officials must allow the prisoner to present his views.  (Id.)
15  Retention in administrative segregation must be reviewed periodically.  (Id.) (citing Hewitt v.
16  Helms, 459 U.S. 460 (1983)).  Plaintiff has attached a copy of his ASU Placement Notice which
17  indicates that he received timely notice of the reason for his ASU placement.  The placement was
18  reviewed by the Institutional Classification Committee on December 11, 2003, and at that time it
19  was noted that plaintiff disagreed with the reason for his ASU placement.  Plaintiff was released
20  from the ASU on January 15, 2004, after the Institutional Gang Investigator determined that
21  plaintiff was not involved in a conspiracy to assault staff and that there was insufficient
22  information to validate plaintiff as a gang member or associate.  Plaintiff received the procedural
23  protections required with respect to placement in segregation.
24         In his amended complaint, plaintiff must allege in specific terms how each named
25  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
26  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.  Plaintiff is assessed an initial partial filing fee of $0.78.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint ;" plaintiff must use the form complaint provided by the court and attachments thereto must be limited to ten pages; plaintiff must file an original and two copies of the amended complaint; failure to file an

/////

1 amended complaint in accordance with this order will result in a recommendation that this action
2 be dismissed.
3      5.  The Clerk of the Court is directed to provide plaintiff a copy of the form
4 complaint for a section 1983 action.
5 DATED: August 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8 DAD:4
whea1503.14